United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10758
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRA WAYNE PRIVETTE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:89-CR-111-D
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Ira Wayne Privette appeals from his resentencing following
his conviction for conspiracy to manufacture and possess with
intent to distribute amphetamine and possession with intent
to distribute amphetamine, during which the court denied his
18 U.S.C. § 3582(c)(2) motion. He argues (1) for the first time
on appeal that his sentence violates <u>Blakely v. Washington</u>,
124 S. Ct. 2531 (2004); (2) that the district court clearly erred
in calculating his base offense level under § 3582(c)(2); and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) that the district court abused its discretion in denying him a sentence reduction under § 3582(c)(2).  The instant appeal therefore has two components:  (1) a direct appeal from Privette's resentencing and (2) an appeal from the denial of § 3582(c)(2) relief.

We hold pursuant to United States v. Booker, 125 S. Ct. 738 (2005), that Privette cannot survive the plain error standard of review, given that he has not borne his burden of showing that the district court "would have reached a significantly different result" under an advisory scheme and, therefore, that the error affected his substantial rights.  See United States v. Mares, No. 03-21035, 2005 WL 503715, at *9 (5th Cir. Mar. 4, 2005).

Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion.  By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines.  We review findings of fact made during a § 3582(c)(2) proceeding for clear error. United States v. Mimms, 43 F.3d 217, 220 (5th Cir. 1995).  We hold that the district court did not clearly err in including the 27 pounds, 11 ounces of amphetamine produced during the conspiracy in the drug quantity calculation for purposes of determining Privette's base offense level; Charles Apodaca's testimony on this issue was sufficiently reliable for the district court to make such a finding.  Additionally, the district court's unobjected-to inclusion of 48.5 pounds of

phenylacetic acid in the drug quantity calculation was not plainly erroneous.  See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).  The district court's decision to sentence Privette at the bottom of the amended guideline range was not an abuse of discretion given the nature of his offense.  See 18 U.S.C. § 3553(a)(2)(A); United States v. Townsend, 55 F.3d 168, 170 (5th Cir. 1995).

AFFIRMED; MOTION TO FILE REPLY BRIEF DENIED.