**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2005[*]
Decided June 29, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4158

GREGORY HAYES,
    *Petitioner-Appellant,*

    *v.*

UNITED STATES OF AMERICA,
    *Respondent-Appellee.*

Appeal from the United States
District Court for the Eastern District
of Wisconsin

No. 95-CR-135

Thomas J. Curran,
*Judge.*

**ORDER**

Gregory Hayes pleaded guilty in 1996 to one count of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), three counts of possession with intent to distribute cocaine, *id.* § 841(a)(1), and seventeen counts of using a telephone to commit a drug felony, *id.* § 843(b). He was sentenced to two terms of 336 months in prison, two terms of 240 months in prison, and seventeen terms of 48 months in prison, all to run concurrently. He appealed his convictions, *see United States v. Adams*, 125 F.3d 586 (7th Cir. 1997), litigated a motion to vacate his sentence under 28 U.S.C. § 2255, sought unsuccessfully to litigate a successive § 2255 motion, and in this action asked the district court to reduce his sentence under 18 U.S.C. § 3582(c)(2). That statute allows a court to reduce a defendant's term of imprisonment if a subsequent amendment to the sentencing

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

guidelines lowers the relevant guideline range.  Hayes argues that the district court should have lowered his prison terms in light of Amendment 591 to the guidelines, which amended U.S.S.G. §§ 1B1.1 and 1B1.2 to require sentencing courts to select, except in limited circumstances, the Chapter 2 offense guideline prescribed for the offense of conviction.  *See* U.S.S.G. App. C, Vol. II, amend. 591.  He also suggests for the first time on appeal that he deserves a new sentencing hearing because his sentencing ran contrary to the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

Appendix A of the guidelines manual connects offenses, identified by statute, with offense guidelines in Chapter 2 of the manual.  *See* U.S.S.G. App. A.  The Chapter 2 guidelines instruct courts how to score various factors typical of a particular crime in calculating an offense level.  Amendment 591, which became effective in November 2000, altered the application rules in Chapter 1.  The application rules now direct courts to select the Chapter 2 offense guideline associated with the specific offense of conviction.  *See* U.S.S.G. App. C, Vol. II, amend 591; *id.* §§ 1B1.1(a), 1B1.2(a) & cmt. n.1; *see United States v. Gracia*, 272 F.3d 866, 875-76 (7th Cir. 2001) (explaining Amendment 591).  With one exception not relevant here, *see* U.S.S.G. § 1B1.2(a) and cmt. n.1, the amendment discontinued the practice adopted by some courts of selecting a guideline section in Chapter 2 based on uncharged relevant conduct.  *See United States v. Hurley*, 374 F.3d 38, 39-40 (1st Cir. 2004) (discussing purpose of amendment).

Although Amendment 591 is retroactive, U.S.S.G. § 1B1.10, it cannot benefit Hayes.  The version of Appendix A in effect when Hayes was sentenced, *see* U.S.S.G. § 1B1.11, linked his convictions for conspiracy, possession with intent to distribute, and use of a telephone to commit a drug felony with U.S.S.G. § 2D1.1, *see* U.S.S.G. App. A (1997).  Just as Amendment 591 would later require, the court used § 2D1.1 as the starting point to calculate Hayes's offense level.

Hayes does not directly dispute that this is the procedure the sentencing court followed in calculating his offense level, but he instead suggests that the court should not have considered uncharged conduct at all in calculating his offense level. He relies on *Booker* to buttress his argument that the court should not have engaged in factfinding at his sentencing hearing regarding that uncharged conduct. Hayes misunderstands Amendment 591.  It did not prohibit the practice of using relevant conduct to calculate an offense level; it merely instructed courts how to select an offense guideline in Chapter 2 of the manual in order to calculate an offense level.  *See Hurley*, 374 F.3d at 40-41; *United States v. Rivera*, 293 F.3d 584, 586-87 (2d Cir. 2002).

Furthermore, the statutory predicate for this case, 18 U.S.C. § 3582(c)(2), authorizes an inmate to file a motion to reduce a sentence based on a subsequent

amendment to the guidelines, not based on new case law.  The proper way for Hayes to challenge his sentence on the basis of *Booker* would be to file a motion under 28 U.S.C. § 2255.  Because Hayes has already filed one § 2255 motion, he would need permission from this court to file a second or successive § 2255 motion.  *See* 28 U.S.C. § 2244(b)(2).  He would not receive that permission, however, in light of our holding that *Booker* does not apply retroactively to cases on collateral review.  *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

The decision of the district court is AFFIRMED.