

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-1-2005

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Sanchez" (2005). *2005 Decisions.* Paper 759.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/759

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-307                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2636

_____

UNITED STATES OF AMERICA

v.

ORLANDO SANCHEZ,
Appellant

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 92-cr-00319)
District Judge: Honorable William W. Caldwell

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2005

Before: RENDELL, FISHER AND VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: August 1, 2005)

_____

OPINION

_____

PER CURIAM

Orlando Sanchez, a federal prisoner, appeals pro se the order of the United States

District Court for the Middle District of Pennsylvania denying his motion for a reduction

of sentence filed pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will

summarily affirm the judgment of the District Court.

In 1993, following a jury trial, Sanchez was convicted in the District Court of conspiracy to distribute cocaine, possession by a felon of a firearm, and using or carrying a firearm in relation to a drug trafficking crime. Sanchez was sentenced to a term of 386 months imprisonment. Sanchez's conviction and sentence were affirmed on direct appeal by this Court in 1994. The same year, the Supreme Court denied Sanchez's petition for a writ of certiorari. In May 2001, Sanchez filed a motion pursuant to 28 U.S.C. § 2255 in the District Court, which was denied. This Court declined to issue Sanchez a certificate of appealability. See United States v. Sanchez, C.A. No. 02-1626.

Sanchez, who is incarcerated at the Edgefield Federal Correctional Institution in South Carolina, filed the underlying § 3582(c)(2) motion in the District Court on April 25, 2005. In his motion, Sanchez argued that he was entitled to a sentence reduction because United States v. Booker, 125 S.Ct. 738 (2005), "effectively amended" the Sentencing Guidelines by eliminating their mandatory nature. On May 10, 2005, the District Court denied Sanchez's motion. This timely appeal followed.

Section 3582(c)(2) provides in relevant part that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . a court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Sanchez does not allege an amendment to the Guidelines by the

Sentencing Commission. Instead, Sanchez contends that he is entitled to relief under § 3582(c)(2) because his sentence runs afoul of Booker. Contrary to Sanchez's arguments, however, § 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the Guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the Guidelines. Cf. United States v. McBride, 283 F.3d 612 (3d Cir. 2002) (holding that Apprendi v. New Jersey, 530 U.S. 466 (2000), does not afford relief under § 3582(c)(2) because such a claim is "independent of and unrelated to any change in the Guidelines, and [is], therefore, outside the scope of a sentence modification under § 3582(c)(2)"). Sanchez's reliance on United States v. Marmolejos, 140 F.3d 488 (3d Cir. 1998), is thus misplaced. Marmolejos, decided in the context of a 28 U.S.C. § 2255 proceeding, involved the retroactivity of an amendment to the Guidelines made by the Sentencing Commission.

Sanchez's challenge to his sentence on the basis of Booker falls within the purview of a motion under § 2255. Because Sanchez has already filed one § 2255 motion, he would need authorization from this Court to file a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(2). However, we note that we recently concluded that Booker is not retroactively applicable to cases on collateral review. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005).

Because this appeal presents "no substantial question," see 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's May 10, 2005, order.

3