**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

WARD LARRAY PRICE,

       Defendant - Appellant.

No. 05-5177

**ORDER**
Filed March 15, 2006

    Appellant's motion to modify the Opinion dated February 14, 2006, is

granted. The modified Opinion is filed nunc pro tunc to February 14, 2006, and is

attached to this order.

                         Entered for the Court
                         Elisabeth A. Shumaker, Clerk


                         By:
                            Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WARD LARRAY PRICE,

      Defendant - Appellant.

No. 05-5177

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 89-CR-91-HDC)**

Submitted on the briefs:[*]

Jack Marwood Short, Tulsa, Oklahoma, for Defendant-Appellant Ward Larray Price, *pro bono*.

David E. O'Meilia, United States Attorney, and Kevin Danielson, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee United States of America.

Before **HARTZ**, **EBEL** and **TYMKOVICH**, Circuit Judges.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Defendant-Appellant Ward Larray Price appeals the district court's denial of his motion to reduce his life sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## BACKGROUND

We briefly review Price's history in this court before turning to the present appeal. Price was convicted by a jury on two counts: (1) conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and (2) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). On appeal, we affirmed his conviction but remanded the case for resentencing based on a procedural error. United States v. Price, 945 F.2d 331, 333 (10th Cir. 1991). After resentencing, Price again appealed, and we affirmed his sentence. United States v. Price, Nos. 92-5033 & 92-5041, 1993 WL 191841, at *4 (10th Cir. June 4, 1993) (unpublished). Price then filed a motion in the district court pursuant to 28 U.S.C. § 2255 to vacate, set-aside, or correct his sentence. The district court denied his motion and his request for a certificate of appealability ("COA"); we also denied his request for a COA and dismissed his appeal. United States v. Price, Nos. 97-5069 & 97-5124, 1998 WL 694501, at *6

(10th Cir. Oct. 6, 1998) (unpublished).  In 2000, Price sought leave to file a second 28 U.S.C. § 2255 petition, a request we denied.

The subject of the present appeal is the district court's denial of Price's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Price argued that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), which severed the portions of the United States Sentencing Guidelines that made them mandatory, "indirectly lowered" the sentencing range under which he was sentenced and thus conferred on the district court authority to reduce his sentence under § 3582.  The district court disagreed, finding that § 3582(c)(2) only authorizes a reduction when the Sentencing Commission reduces the range.  Price timely appealed.

### DISCUSSION

Section 3582(c)(2) provides that a

court may not modify a term of imprisonment once it has been imposed except that . . . [,] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

By the terms of the statute, then, the court only has authority to modify a sentence when the range has been lowered "by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)."[1]

We have explained that "'[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has <u>expressly</u> granted the court jurisdiction to do so.'" <u>United States v. Green</u>, 405 F.3d 1180, 1184 (10th Cir. 2005) (<u>quoting</u> <u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996)) (emphasis added). Thus, even if <u>Booker</u> could be read to be an implicit lowering of Price's sentencing range, § 3582(c)(2) only <u>expressly</u> allows a reduction where the Sentencing Commission, not the Supreme Court, has

---

[1] 28 U.S.C. § 994(o) provides that

[t]he [Sentencing] Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work.

lowered the range. We therefore agree with the district court that <u>Booker</u> does not provide a basis for a sentence reduction under § 3582(c).[2]

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED. Price's motion to proceed *in forma pauperis* on appeal is GRANTED.

---

[2] All of our sister circuits to consider whether <u>Booker</u> is relevant to a motion for a reduction of a sentence under § 3582(c)(2) have reached the same conclusion. See <u>United States v. Rolle</u>, No. 05-7554, 2006 WL 177596, at *1 (4th Cir. Jan. 25, 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [<u>Booker</u>]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005) ("<u>Booker</u> is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, <u>Booker</u> is inapplicable to § 3582(c)(2) motions."); <u>United States v. Sanchez</u>, 140 F. App'x 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the Guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the Guidelines."); <u>Hayes v. United States</u>, 141 F. App'x 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); <u>United States v. Privette</u>, 129 F. App'x 897, 899 (5th Cir. 2005) ("<u>Booker</u> is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines.").