**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS BURL CAIN, a/k/a
"Chameleon,"

Defendant-Appellant.

No. 05-6164
(D.C. No. CR-02-211-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Defendant Thomas Burl Cain appeals from the amended judgment entered
against him on May 4, 2005. The amended judgment reflects a new sentence
imposed after the district court conducted a resentencing hearing on April 29,
2005. Mr. Cain did not file an appeal from his original judgment and sentence

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

entered on November 3, 2004. We have an obligation to independently determine whether the district court had jurisdiction before we can proceed to the merits of an appeal. *See United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005). We review de novo the district court's decision that it had jurisdiction to resentence Mr. Cain. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). We exercise jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Because we conclude that the district court lacked jurisdiction to resentence Mr. Cain, we remand to the district court with instructions to vacate the May 4, 2005 amended judgment, which is void for lack of jurisdiction.

I

A grand jury named Mr. Cain in a number of counts in a Superseding Indictment charging various drug and firearms offenses. Mr. Cain pled guilty to Count 2 of the Superseding Indictment, which charged him with being an unlawful user of a controlled substance in possession of at least 17 firearms and 600 rounds of ammunition in violation of 18 U.S.C. § 922(g)(3). The district court accepted Mr. Cain's plea after a hearing, and referred the case to a probation officer for a Presentence Report (PSR) to be prepared. The probation officer prepared the PSR using the 2002 version of the United States Sentencing Guidelines ("the guidelines") and determined that the applicable guideline range was 324-405 months. The statutory maximum sentence for Count 2 was

120 months. Because the statutory maximum sentence was less than the minimum of the applicable guideline range, the probation officer was required to assign the statutory maximum as the guidelines sentence. *See* U.S. Sentencing Guidelines Manual § 5G1.1(a).

At the conclusion of the sentencing hearing on October 29, 2004, the district court sentenced Mr. Cain to the guidelines sentence of 120 months. In light of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and the pending decision in *United States v. Booker*, 543 U.S. 220 (2005), the district court also announced two alternative sentences: (1) 120 months if the guidelines should be found in *Booker* to be unconstitutional; and (2) 30 months if only the upward enhancements should be found in *Booker* to be unconstitutional.

The judgment reflecting Mr. Cain's 120-month sentence was entered on November 3, 2004. Mr. Cain did not appeal from the judgment. On February 28, 2005, after the *Booker* decision was issued (and long after the appeal time had run), Mr. Cain filed a pro se "Motion for Order Nunc Pro Tunc Amending Judgment," requesting that the district court amend the judgment to impose the second alternative sentence of 30 months. The district court entered an order denying the motion, but sua sponte set the matter for resentencing. The district court stated that, "[i]n light of *Booker*, the Court finds that simply amending defendant's judgment and imposing one of the alternative sentences is not appropriate but that the appropriate procedure is to re-sentence defendant."

R., Doc. 148. The district court cited no basis for its jurisdiction to resentence Mr. Cain.

The government then filed a motion for reconsideration, arguing that the district court had no jurisdiction to resentence Mr. Cain because his conviction and sentence became final on November 16, 2004, when the time for filing an appeal from the judgment expired. The district court denied the motion for reconsideration, stating:

> While the court recognizes that the government's contention would be correct if defendant had been sentenced to a single sentence with no alternative sentences, the Court finds that based upon the actual sentence the Court imposed, which consisted of three alternative sentences, all contingent upon the Supreme Court's ruling in *Booker*, defendant's sentence did not become final on November 16, 2004. Further, because none of the alternative sentences the Court imposed exactly reflects the Supreme Court's holding in *Booker*, the Court finds that it would be inappropriate to impose any of the alternative sentences. Consequently, the Court finds that currently defendant is not subject to any final and binding sentence.

*Id.*, Doc. 151, at 2.

At the resentencing hearing on April 29, 2005, the district court noted that it was using the sentencing guideline range from Mr. Cain's initial sentencing as the advisory guideline range. The district court then sentenced Mr. Cain to 120 months' imprisonment. Mr. Cain timely appealed from the judgment and sentence entered on May 4, 2005.

II

A district court has extremely limited authority to modify a sentence once it is imposed. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (quotation omitted). The statutory authority for modifying a sentence comes from 18 U.S.C. § 3582(c), which identifies three situations that permit a sentence to be modified: "upon motion of the Director of the Bureau of Prisons," § 3582(c)(1)(A); "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," § 3582(c)(1)(B); and, in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). Otherwise, a defendant must appeal from the sentence or succeed on a petition under 28 U.S.C. § 2255 to obtain relief.

None of the situations in § 3582(c) are applicable to Mr. Cain's case. Subsection (c)(1)(A) does not apply because there was no motion by the Director of the Bureau of Prisons. Subsection (c)(2) does not apply because the applicable sentencing range was not lowered by the Sentencing Commission. In *United States v. Price*, 438 F.3d 1005 (10th Cir.), *cert. denied*, 126 S. Ct. 2365 (2006), we rejected an argument that the *Booker* decision, which severed the portions of the sentencing guidelines that made them mandatory, indirectly lowered the

sentencing range and gave the district court authority to reduce a defendant's sentence under § 3582(c)(2). We explained that "even if *Booker* could be read to be an implicit lowering of [defendant's] sentencing range, § 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." *Price*, 438 F.3d at 1007. The Supreme Court's decision in *Booker*, therefore, did not give the district court authority to resentence Mr. Cain.

Finally, § 3582(c)(1)(B), which allows modification pursuant to Rule 35 of the Federal Rules of Criminal Procedure, does not provide a basis for the district court's resentencing. Rule 35 permits a district court to correct or reduce a defendant's sentence in two specified instances. First, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Second, a court may, upon the government's motion within one year of sentencing, reduce a sentence if the defendant provided "substantial assistance in investigating or prosecuting another person." *Id.*, Rule 35(b)(1)(A). This case presents neither of those situations.

III

Because the district court did not have statutory authority to modify defendant's sentence, it had no jurisdiction to resentence Mr. Cain. *See United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996) (holding that a district

court does not have inherent jurisdiction to resentence a defendant). In response to the government's motion seeking reconsideration of the district court's decision to conduct a resentencing hearing, the district court concluded that it retained jurisdiction to resentence Mr. Cain because it had imposed three alternative sentences, which were all contingent on *Booker*, rather than one final, binding sentence.

The district court's response to the government's motion for reconsideration, however, does not accurately reflect the circumstances of this case. The district court did not set out three alternative sentences that were all contingent on *Booker*. Rather, the district court imposed a sentence of 120 months pursuant to the guidelines, which it was obligated to follow at that point in time. The judgment states:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months in accordance with the U.S. Sentencing Guidelines. The Court finds that, *if* the U.S. Sentencing Guidelines are later found to be unconstitutional in their entirety, the defendant is alternatively sentenced to 120 months, and further, *if* only the upward enhancements of the U.S. Sentencing Guidelines are later found to be unconstitutional, the defendant is alternatively sentenced to a term of 30 months.

*Id.*, Doc. 143, at 2 (emphasis added).

The guidelines sentence that was embodied in the judgment entered on November 3, 2004, was a final, appealable sentence that was binding on Mr. Cain. *Cf. United States v. Cage*, 451 F.3d 585, 589 (10th Cir. 2006) (explaining that

-7-

government did not have statutory authority to appeal from alternative sentence because it was not a "final sentence" within the meaning of 18 U.S.C. § 3742). Because Mr. Cain did not appeal from the November 3 judgment imposing his 120-month guidelines sentence and because none of the § 3582 conditions are present, the district court was divested of all jurisdiction on November 16, 2004, when the time for appeal expired. *See United States v. Martin*, 913 F.2d 1172, 1175-76 (6th Cir. 1990). The district court therefore lacked jurisdiction to resentence defendant. Consequently, the May 4, 2005 amended judgment must be vacated.

We note that district courts may impose alternative sentences, although it is a disfavored practice. *See Cage*, 451 F.3d at 589-90. In *Cage*, the district court imposed a previously announced alternative sentence upon occurrence of the stated contingency. *Id.* *Cage* does not, however, confer resentencing authority. *See id.* at 590 (explaining that order imposing alternative sentence was not a "new sentence, but rather a clarification of the original sentence."). Here, unlike in *Cage*, the district court did not choose to impose a previously announced alternative sentence. To the contrary, the district court stated that "imposing one of the alternative sentences was not appropriate." R., Doc. 148. Instead, the court conducted a resentencing hearing and imposed a new sentence. Consequently, *Cage* is completely distinguishable and offers no authority for the

-8-

resentencing that occurred in this case, where the district court expressly stated it was not imposing one of the two alternative sentences.

Accordingly, this case is REMANDED to the district court with instructions to VACATE its void amended judgment entered on May 4, 2005, allowing the judgment of November 3, 2004 to stand as entered.[1]

Entered for the Court


Deanell Reece Tacha
Chief Circuit Judge

---

[1] To the extent that Mr. Cain's appeal challenges his original sentence from the November 3, 2004 judgment, we lack jurisdiction to review that sentence because Mr. Cain failed to file a timely notice of appeal. *See United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999) (explaining that "[t]his court cannot exercise jurisdiction absent a timely notice of appeal.").