**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS BURL CAIN,

Defendant-Appellant.

No. 06-6339

Western District of Oklahoma

(D.C. No. CR-02-211-M)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

Defendant Thomas Cain pleaded guilty to possession of a firearm and ammunition by an unlawful drug user. On November 3, 2004, the district court entered his sentence as follows:

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 months in accordance with the U.S. Sentencing Guidelines. The Court finds that, if the U.S. Sentencing Guidelines are later found to be unconstitutional in their entirety, the defendant is alternatively sentenced to 120 months, and further, if only the upward enhancements of the U.S. Sentencing Guidelines are later found to be unconstitutional, the defendant is alternatively sentenced to a term of 30 months.

R. Doc. 143, at 2. After the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Cain filed a motion with the district court to enforce the 30-month alternative sentence. The district court denied that motion and ordered that the defendant be resentenced. The district court then resentenced Mr. Cain to 120 months incarceration. Mr. Cain timely appealed that decision.

This Court held that the district court did not have jurisdiction to resentence Mr. Cain. The Court explained: "Because Mr. Cain did not appeal from the November 3 judgment imposing his 120-month guidelines sentence and because none of the § 3582 conditions are present, the district court was divested of all jurisdiction on November 16, 2004, when the time for appeal expired. The district court therefore lacked jurisdiction to resentence defendant." *United States v. Cain* (*Cain I*), 191 Fed. Appx. 830, 834 (10th Cir. 2006) (unpublished) (citation omitted). We ordered the district court "to vacate its void amended judgment," allowing the original November 3, 2004 sentence to "stand as entered." *Id.* at 835.

On remand, the district court followed our instructions precisely, vacating its Order on October 25, 2006. Mr. Cain now appeals the October 25, 2006

-2-

Order.  He argues that the 30 month portion of the original alternative sentence should be enforced.

We lack jurisdiction on this appeal to entertain any challenge to Mr. Cain's sentence.  Mr. Cain is incarcerated pursuant to the district court's original sentencing decision of November 3, 2004.  The October 25, 2006 Order did not disturb that sentence, which "stand[s] as entered." *Id.*  In *Cain I*, this Court explicitly held that Mr. Cain's November 3, 2004 sentence "was a final, appealable sentence that was binding on Mr. Cain" and that the "time for appeal expired" on November 16, 2004.  *Id.* at 834.  Mr. Cain failed to appeal the sentence within the time period required by Rule 4(b) of the Federal Rules of Appellate Procedure.  *See United States v. Smith*, 182 F.3d 733, 734 (10th Cir. 1999); *United States v. Ceballos-Martinez*, 358 F.3d 732, 733 (10th Cir. 2004).

We do have jurisdiction to consider Mr. Cain's challenge to the Order of October 25, 2006, which was the final order in the case on remand.  But that order did nothing more than carry out this Court's remand instructions in *Cain I* to the letter.  If Mr. Cain wished to challenge this Court's decision in *Cain I*, he should have filed a petition for certiorari with the United States Supreme Court.  We will not allow an appeal from the district court's order carrying out our instructions on remand to serve as a back-door means of revisiting our prior decision.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge