FILED
United States Court of Appeals
Tenth Circuit

February 19, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT DEWAYNE LEBEAU,

    Defendant - Appellant.

No. 08-5078
(N.D. Okla.)
(D.Ct. No. 4:07-CR-00004-HDC-1)

_____

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Robert D. LeBeau appeals from an 18 U.S.C. § 3582(c)(2) resentencing for a crack cocaine offense. Because the issue he raises has been recently resolved contrary to his position, we affirm.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In July 2008, LeBeau pled guilty to knowingly and intentionally possessing with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The Presentence Investigation Report (PSR) determined LeBeau's offense level was 23, which included a 3-level reduction for acceptance of responsibility. His Criminal History Category was VI. The guideline range was 92 to 115 months imprisonment. The district court sentenced him to 100 months.

After he was sentenced the United States Sentencing Commission amended the drug quantity table in USSG §2D1.1(c) to reduce the sentencing disparity between crack cocaine and powder cocaine. USSG App. C, Amend. 706 (2007). The amendment reduced the base offense levels for crack-cocaine-related offenses by two levels. It was made retroactive. *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008).

Wishing to take advantage of the amendment's retroactive effect, LeBeau petitioned the court for a sentence reduction, as permitted by 18 U.S.C. § 3582(c)(2). Under the amended guideline his sentencing range was 77 to 96 months imprisonment. He also requested a downward variance. The court reduced his sentence to 77 months, but refused his request for a variance. LeBeau

now claims the district court procedurally erred.

## II. DISCUSSION

Our discussion is brief because the issue presented has been resolved in this circuit. "The scope of a district court's authority in a resentencing proceeding under § 3582(c)(2) is a question of law that we review de novo." *Rhodes*, 549 F.3d at 837. A district court is without authority to grant a variance from the amended crack cocaine guidelines. *Id.* at 841. Since the court had no authority to vary from the guidelines, an explanation for its refusal to do so is unnecessary.

LeBeau relies on *Kimbrough v. United States*, which recognized that in an original sentencing the sentencing guidelines relevant to cocaine offenses must be applied in an advisory manner subject to the particular circumstances of each case. 128 S.Ct. 558, 574-76 (2007). LeBeau asserts the district court misstated the law of *Kimbrough* and failed to apply the guidelines in an advisory fashion in his resentencing. We reject that argument. We need not critique the district court's *Kimbrough* analysis. *But see United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).[1] It was without authority to grant a variance at

---

[1] We explained in *United States v. Price* that "even if [*United States v.*] *Booker* [543 U.S. 220 (2005)] could be read to be an implicit lowering of defendant's sentencing range, § 3582(c)(2) only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." 438 F.3d 1005, 1007 (10th Cir. 2006). Thus, "*Booker* does not provide a basis for a sentence reduction under § 3582(c)(2)." *Id.* Like *Booker*, the rule in *Kimbrough* also originated with the Supreme Court and not the Sentencing Commission. As a result, *Kimbrough* is also not a basis for relief under § 3582(c)(2), which permits a reduction in sentence only if consistent with Sentencing Commission policy statements.

resentencing, whether based on *Kimbrough* or not.

LeBeau also argues a district court retains discretion to vary below the amended guideline range because *United States v. Booker*, 543 U.S. 220 (2005), made the sentencing guidelines advisory. This argument relies on the rationale set forth in *United States v. Hicks*, 472 F.3d 1167, 1170-71 (9th Cir. 2007). We specifically rejected this reasoning in *Rhodes*, because "modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings" and the statute's plain language only authorizes consideration of the amended guidelines and applicable policy statements in sentence modification proceedings. *Rhodes*, 549 F.3d at 840. The district court's resentencing discretion is restricted to a sentence within the modified guideline range. *Id.*

**AFFIRMED**.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge