**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

RAYMOND LADELL SLOAN,

        Defendant-Appellant.

No. 08-6265

Western District of Oklahoma

(D.C. No. 5:93-CR-00133-W-3)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

      Raymond Ladell Sloan, a federal prisoner proceeding pro se, appeals the

district court's denial of his sentence modification request under 18 U.S.C. §

3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

      [*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

# I. Procedural Background

In November 1993, a jury convicted Mr. Sloan of manufacturing, possessing, and distributing cocaine base, also known as crack cocaine, a Schedule II controlled substance, violating 21 U.S.C. § 841(a)(1). A federal probation officer prepared a presentence report with the then-current Guidelines to determine Mr. Sloan's sentence. The 4.8 kilograms of cocaine base attributed to Mr. Sloan corresponded with a base offense level of 38. The probation officer then enhanced his base offense by four levels for his role in the offenses. His total offense level of 42, combined with his criminal history of III, resulted in a Guideline sentence range of 360 months' to life imprisonment. *See* U.S.S.G. § 2D1.1(c)(1) (1993). Mr. Sloan objected to the offense level calculation, the four level enhancement, and his criminal history category.

At his sentencing hearing on February 9, 1994, the district court sustained Mr. Sloan's objection to the four-level enhancement, finding that a two-level enhancement was more appropriate. Mr. Sloan's total offense level was recalculated at 40; however, the Guideline range remained the same. *Id.* The district court sentenced Mr. Sloan to 360 months' imprisonment followed by ten years of supervised release. On direct appeal, we affirmed Mr. Sloan's conviction and sentence. *United States v. Sloan*, 65 F.3d 861 (10th Cir. 1995), *cert. denied*, 516 U.S. 1097 (1996).

Mr. Sloan filed a motion under 28 U.S.C. § 2255, which the district court denied. Mr. Sloan then sought a certificate of appealability from this Court, which

we denied.  *See United States v. Sloan*, No. 97-6375 (10th Cir. Feb. 25, 1998).  Mr. Sloan then filed a request with this Court for authorization to file a successive 28 U.S.C. § 2255 motion in the district court.  We denied that request, as well.  *See Sloan v. United States*, No. 01-6255 (10th Cir. Jul. 25, 2001).

On August 6, 2008, Mr. Sloan filed the instant motion to modify his prison term under 18 U.S.C. § 3582(c) based on Amendment 706 to U.S.S.G. § 2D1.1(c), which lowered the Drug Quantity Table two levels for crack cocaine.  *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706.  The district court determined Mr. Sloan did not qualify for a reduction in his sentence because the 4.8 kilograms of crack cocaine attributable to him still exceeded the revised quantity amount of 4.5 kilograms for crack cocaine.  Thus, the amendment would still not change his Guideline range.  *See* U.S.S.G. § 2D1.1(c)(1).

## II. Discussion

Mr. Sloan now appeals the district court's denial of his motion to modify his term of imprisonment under 18 U.S.C. § 3582(c), claiming the district court failed to apply Amendment 706 or 715 retroactively to his sentence.  Mr. Sloan also argues he should be resentenced under *Booker* for the purpose of applying the Guidelines to his sentence in an advisory manner and redetermining the drug quantity used to assess his base offense level, which he claims the district court improperly found by applying a preponderance of the evidence standard.

"We review de novo the district court's interpretation of a statute or the sentencing guidelines."  *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)

(quotation marks and citation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (internal quotation, citation, and alteration omitted).

Section 3582(c)(2) allows a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." *Id.* (emphasis added).

The applicable policy statement, U.S.S.G. § 1B1.10, provides that where "the guideline range applicable to [a] defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a) (2008). Subsection (c) includes Amendments 706 and 715 among the enumerated amendments. *Id.* § 1B1.10(c). In determining the extent of any reduction under § 3582(c)(2), "the court shall determine the amended guideline range that would have been applicable to the

defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The policy statement further provides that: "A reduction in the defendant's term of imprisonment is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) *if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range*." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

Amendment 706 modified "the drug quantity thresholds" in U.S.S.G. § 2D1.1(c) and the Drug Quantity Table, "so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties." U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.). Consequently, the current highest offense level of 38 would require a quantity of 4.5 kilograms or more of cocaine, rather than the 1.5 kilograms previously required for level 38. *See id.*

On December 11, 2007, the United States Sentencing Commission voted to make Amendment 706 retroactive, through Amendments 712 and 713. *See* U.S.S.G. § 1B1.10(a) and (c); U.S.S.G. Supp. to App'x C, Amends. 712 and 713. Specifically, Amendment 713 changed U.S.S.G. § 1B1.10—the policy statement for amended Guideline ranges, by listing Amendment 706 as one of the retroactive amendments. *See* U.S.S.G. § 1B1.10(c), Amend. 713.

Amendment 715 changes the provisions in offenses involving cocaine base coupled with other controlled substances. The pertinent part states:

Exceptions to 2-level Reduction.–The 2-level reduction provided in subdivision (i) *shall not apply* in a case in which:
> (I) the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base;

U.S.S.G. § 1B1.10 Amend. 715 (D)(ii) (emphasis added).

At Mr. Sloan's sentencing, the base offense level for the 4.8 kilograms of cocaine base attributable to him was 38. Under Amendments 706 and 715, the crack cocaine quantity for a base offense level of 38 is 4.5 kilograms. "A reduction" in Mr. Sloan's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level "does not have the effect of lowering [his] applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B).

We also reject Mr. Sloan's claim that he is entitled to resentencing under *Booker* for the purpose of applying the Guidelines in an advisory manner or redetermining his base drug offense level. We have held § 3582(c)(2) motions may not be employed to present *Booker* claims, as "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." *United States v. Price*, 438 F.3d 1005, 1007 & n. 2 (10th Cir. 2006). Furthermore, with respect to his base drug offense level, the policy statement in U.S.S.G. § 1B1.10 provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court . . . shall substitute only the amendments listed in

-6-

subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected.*

U.S.S.G. § 1B1.10(b) (Nov. 1, 2007). Thus, under § 3582, we may only consider whether Mr. Sloan is entitled to a two-level offense reduction under Amendment 706, and not whether another reduction of his sentence is warranted under the Guidelines.

Thus, we hold that the district court did not abuse its discretion in denying his § 3582 motion.

## III. Conclusion

For the reasons provided, we **AFFIRM** the United States District Court's order denying Mr. Sloan's motion filed pursuant to 18 U.S.C. § 3582(c)(2).

Appellant's Motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge