# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-20263
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAZ ELEE STEPTOE,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-688-1

———————

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Chaz Elee Steptoe, federal prisoner # 15918-179, moves for leave to proceed in forma pauperis (IFP) in an appeal of the district court's denial of his motion for reduction of sentence under 18 U.S.C. 3582(c)(2). To proceed IFP, Steptoe must demonstrate financial eligibility and the existence of any nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20263

It does not appear that Steptoe would suffer undue hardship or deprivation of the necessities of life if he were required to pay the filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, even if we assume that he has demonstrated financial eligibility, Steptoe has failed to show that his proposed appeal will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Although § 3582(c)(2) allows a defendant to file a motion to reduce his sentence based on appropriate retroactive amendments to the Sentencing Guidelines, it does not allow a defendant to seek a reduction in his sentence based on new case law. *See United States v. Privette*, 129 F. App'x 897, 899 (5th Cir. 2005) ("By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."). Moreover, any aspect of a defendant's sentence that was not affected by the retroactive amendment is outside the scope of § 3582(c)(2) proceedings. *See Dillon v. United States*, 560 U.S. 817, 831 (2010) ("[Section] 3582(c)(2) does not authorize a resentencing [and] instead, it permits a sentence reduction within the narrow bounds established by the Commission"). Rather, the appropriate method to challenge a conviction or sentence which a defendant claims is unconstitutional under Supreme Court precedent is through a 28 U.S.C. § 2255 petition. *See* § 2255(a).

In light of the foregoing, Steptoe has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard*, 707 F.2d at 220. His request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.

2