16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael Antonio HERRERA, Defendant-Appellant.
 No. 93-6100.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-appellant, Rafael Antonio Herrera, was indicted of conspiring to possess with intent to distribute cocaine powder and cocaine base (commonly known as "crack") in violation of 21 U.S.C. 846 and 841(a)(1). After a jury was selected, Herrera pled guilty to the one count indictment. On the day of sentencing, Herrera made a motion to withdraw his guilty plea, which the district court denied after an evidentiary hearing. In addition, Herrera made a constitutional challenge to the Sentencing Guidelines to the extent that they punish crimes relating to a given amount of cocaine base more severely than crimes relating to a given amount of cocaine powder. The district court found no constitutional violations. It then sentenced Herrera to life in prison, based on Herrera's conspiracy to distribute 13.50 kilograms of cocaine base, .25 kilograms of cocaine powder, and one pound of marijuana.
 
 
 3
 On appeal, the defendant makes four arguments: 1) that the district court should have sustained his motion to withdraw his guilty plea; 2) that the Sentencing Guidelines' system making an amount of base ("crack") cocaine worth 100 times the equivalent amount of cocaine powder is irrational and violates the defendant's equal protection rights under the Fifth Amendment and is irrational; 3) that this differential between types of cocaine makes his sentence disproportionate, thus violating the Eighth Amendment; and 4) that the racial disparity in the Sentencing Guidelines due to the powder/crack differential justify a downward departure in his sentence.
 
 I.
 
 4
 On the same day as sentencing, Herrera moved under Fed.R.Crim.P. 32(d) to withdraw his guilty plea, in part because the district court intended to sentence him on the basis of cocaine base instead of cocaine powder. Rule 32 allows a defendant to withdraw their guilty plea "upon a showing by the defendant of any fair and just reason...." "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion, and we will not reverse unless the defendant can show that the court acted unjustly or unfairly." United States v. Gordon, 4 F.3d 1567, 1572-73 (10th Cir.1993). To determine whether the defendant has met his burden of justifying the withdrawal of a plea, we consider the following factors:
 
 
 5
 (1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing the defendant's motion, (4) inconvenience of the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources."
 
 
 6
 Id. at 1572.
 
 
 7
 On review of the district court's detailed and thorough analysis of Herrera's motion to withdraw his plea, we cannot say that the district court abused its discretion in denying the motion. The district court found, inter alia, that Herrera knew that the maximum sentence for the crime for which he pled guilty was life, that he pled guilty to a conspiracy relating to "cocaine and/or cocaine base," that he had not subsequently asserted his innocence, and that the only reason for Herrera's motion was a "change of heart." Order of March 3, 1993. Since we find no abuse of discretion, we affirm the district court's denial of Herrera's Rule 32(d) motion for the reasons set out by the district court.
 
 II.
 
 8
 Section 2D1.1(c) of the Sentencing Guidelines makes one kilogram of cocaine base equivalent to 100 kilograms of cocaine powder, which is significant because the base offense level is related to the quantity of drugs. Herrera argues that the sentencing treatment of base versus powder cocaine violates his equal protection rights as applied through the Fifth Amendment because: 1) the differential treatment has a disproportionate impact on blacks, thus constituting discrimination based on race; and 2) that even if the strict scrutiny standard of racial discrimination is not applied, the differential between the two types of cocaine is arbitrary and irrational. Although Herrera's brief was thoughtful and well-argued, we are bound by the case law of this circuit, which has held that 2D1.1(c) does not pose equal protection problems under either a strict scrutiny or rational basis review. United States v. Angulo-Lopez, 7 F.3d 1506, 1508-09 (10th Cir.1993); United States v. Thurmond, 7 F.3d 947, 951-53 (10th Cir.1993).
 
 III.
 
 9
 In a similar vein, Herrera argues that the differential treatment between cocaine base and powder is disproportionate to any valid governmental goal and thus violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. As with the equal protection arguments, the Tenth Circuit has already determined that the different treatment of cocaine powder and base does not violate the Eighth Amendment. Angulo-Lopez, 7 F.3d at 1509-10 (life sentence for 47.82 kilograms of crack upheld, noting that Harmelin v. Michigan, 111 S.Ct. 2680 (1991), upheld a life sentence for the possession of only 650 grams of cocaine).
 
 IV.
 
 10
 Finally, Herrera argues that the racial disparity caused by the differential between cocaine base and cocaine powder, even if not a constitutional violation, should be a basis for a downward departure in this case. Herrera argues that his constitutional challenge to the sentence implicitly raised this issue before the district court, however, he did not do so explicitly. In the absence of a request to the district court, we review for plain error. However, since the decision whether to grant a downward departure is within the discretion of the district court, United States v. Davis, 900 F.2d 1524, 1530 (10th Cir.), cert. denied, 498 U.S. 856 (1990), we cannot say that the court's failure to sua sponte grant downward departure was plain error.
 
 
 11
 Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470