**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL ANTONIO HERRERA,

Defendant-Appellant.

No. 97-6235
(D.C. No. CIV-96-1811-T)
(D.C. No. CR-92-209-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rafael Antonio Herrera brought this action under 28 U.S.C. § 2255 asserting that he was denied effective assistance of counsel and his right to due process in connection with his guilty plea. The district court denied relief, ruling that his claims are in essence the same ones he raised on direct appeal and that they therefore may not be reasserted in this proceeding. The court also denied Mr. Herrera's request for a certificate of appealability as required by 28 U.S.C. § 2253(c)(1)(B). We deny his request as well and dismiss his appeal.

Mr. Herrera was charged in a one-count indictment with conspiracy to possess with intent to distribute "cocaine (powder) and/ or cocaine base (crack)." Aplt. App. at 2. After a jury had been selected, he decided to change his plea. A Rule 11 hearing was held, at which Mr. Herrera entered a guilty plea and agreed that the amount of cocaine involved was between five and fifteen kilos. Upon receiving a copy of the Presentence Report,[1] however, Mr Herrera again changed his mind and moved at sentencing to withdraw his plea. The court held an evidentiary hearing to address Mr. Herrera's claim that when he pled guilty, he believed he was pleading only to a conspiracy involving cocaine powder. After the hearing, and upon reviewing the record of the guilty plea proceedings and the

---

[1] Mr. Herrera has not placed the Presentence Report in the record on appeal. It appears undisputed, however, that the Report recommended attributing almost fifteen kilos of crack cocaine to Mr. Herrera as a result of his participation in the charged conspiracy, which would produce a sentence under the guidelines of life in prison.

briefs filed by the parties, the district court denied the motion, holding that "the record is very clear that defendant was specifically aware of the charge in the indictment, that cocaine <u>and/or cocaine base</u> were the substances that were the subject of the conspiracy, and the maximum possible punishment -- life imprisonment -- for his plea of guilty to that charge." <u>Id.</u> at 56. Mr. Herrera argued on appeal that his plea was involuntary because of his belief that only cocaine powder was involved. We rejected that argument, concluding the district court had not abused its discretion in finding that Mr Herrera "knew that the maximum sentence for the crime for which he pled guilty was life, [and] that he pled guilty to a conspiracy relating to 'cocaine and/or cocaine base.'" <u>United States v. Herrera</u>, No. 93-6100, 1994 WL 36766 (10th Cir. Feb. 8, 1994).

Mr. Herrera then brought this section 2255 petition, asserting inter alia that he was denied the effective assistance of counsel in deciding whether to plead guilty because his counsel misled him with respect to the crime to which he was pleading and the sentence he would receive. Mr. Herrera asserted he would have insisted on going to trial had his counsel properly advised him. The district court held that these claims "are thinly disguised versions" of the issues raised in Mr. Herrera's direct appeal. We agree. Whether Mr. Herrera's guilty plea was involuntary was resolved after an evidentiary hearing in the prior proceeding and affirmed on direct appeal. An ineffective assistance claim may only be raised

after a guilty plea if the plea was involuntary as a result of counsel's ineffectiveness.  See generally Hill v. Lockhart, 474 U.S. 52 (1985).  This court's prior holding that the plea was voluntary is thus dispositive of Mr. Herrera's claim of incompetent counsel.

We accordingly conclude that Mr. Herrera has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and his appeal is **DISMISSED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge