**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL ANTONIO HERRERA,

Defendant - Appellant.

No. 05-6326

(W.D. Oklahoma)

(D.C. No. 92-CR-209-T)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BALDOCK** , Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rafael Antonio Herrera appeals the district court's denial of his motion pursuant to 18 U.S.C. § 3582. We dismiss his appeal for lack of jurisdiction.

**BACKGROUND**

Herrera pled guilty in 1992 to one count of conspiracy to possess with intent to distribute and to distribute cocaine powder and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. His subsequent motion to withdraw his guilty plea was denied, and he was sentenced to a lifetime term of imprisonment, followed by five years of supervised release, and assessed a $50 special assessment. His conviction and sentence were affirmed on direct appeal. United States v. Herrera, No. 93-6100, 1994 WL 36766 (10th Cir. Feb. 8, 1994) (unpublished). He later filed a motion under 28 U.S.C. § 2255, which the district court rejected. On appeal, this court affirmed. United States v. Herrera, No. 97-6235, 1998 WL 321217 (10th Cir. Jun. 5, 1998) (unpublished). In 2000 and in 2003, Herrera filed motions for leave to file a second or successive § 2255 motion, raising arguments related to the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). This court denied both motions.

In June 2005, Herrera filed a "Motion to Modify a[n] Illegal Sentence Under 18 U.S.C. § 3582(b)(2)(B)," again raising arguments related to Apprendi and also invoking the Supreme Court's recent decision in United States v. Booker,

543 U.S. 220 (2005). The district court denied this motion on September 19, 2005. Herrera filed a notice of appeal, which was docketed on October 4, 2005, one day beyond the time limit set forth in Fed. R. App. P. 4(b)(1)(A). Attached to the notice was a certificate of service indicating that Herrera had placed the notice in the "prison[] mail box marked 'legal mail' for prisoners" on September 22, 2005. The certificate did not state that first-class postage has been prepaid.

This court issued a jurisdictional show cause order asking Herrera to show cause why his appeal should not be dismissed based on the untimeliness of his notice of appeal. In response, Herrera argued that the prison mailbox rule recognized in Houston v. Lack, 487 U.S. 266, 276 (1988), and set forth in Fed. R. App. P. 4(c)(1), applied and that because his notice of appeal had been put into the prison mailbox well within the time limit, it was not untimely. He further indicated that the reason the prison mail system did not deliver his notice of appeal to the court within the time limit was that the prison had been on lockdown due to Hurricane Rita. He attached to his submission a memorandum from a Correctional Counselor at his prison verifying that, "due to the devastation of the Hurricane in th[e] area, no mail was processed [in the prison] from September 23, 2005, through October 1, 2005." The jurisdictional issue was referred to the merits panel, and the parties submitted briefs on the merits.

## DISCUSSION

As an initial matter, we must address the jurisdictional issue. "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction," and the appellant bears the burden of establishing jurisdiction. United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004) (internal quotation omitted). A pro se prisoner may establish timeliness of a notice of appeal based on the prison mailbox rule set forth in Rule 4(c)(1), which states:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1). We have held that, where a prison does not have a "system designed for legal mail," a pro se prisoner seeking to take advantage of the prison mailbox rule must submit either a "declaration in compliance with 28 U.S.C. § 1746" or a "notarized statement," and that the declaration or statement must "state that first-class postage has been prepaid" in order to be effective. See Ceballos-Martinez, 387 F.3d at 1145; see also United States v. Smith, 182 F.3d 733, 735 n.1 (10th Cir. 1999).

-4-

Here, as indicated above, Herrera submitted a certificate of service indicating that he placed his notice of appeal "in the prison[] mail box marked 'legal mail' for prisoners." However, he has not submitted a copy of any record that his prison might have kept of the date he placed his notice in the mailbox, nor does the memo from a Correctional Counselor at his prison indicate that date. It therefore does not appear that his prison has a legal mail system within the meaning of Rule 4(c)(1).    See United States v. Gray  , 182 F.3d 762, 765 (10th Cir. 1999) (recognizing "the understanding that legal mail systems automatically log in *all* legal mail through relatively simple, straightforward procedures"). Yet, as also indicated above, Herrera's certificate of service fails to state that first-class postage has been prepaid. While Herrera argues that he mailed his notice of appeal "in plenty of time for the court to get it" and had no reason to suspect that a hurricane would cause a delay, we note that Herrera failed to submit a declaration complying with the requirements of Rule 4(c)(1) when responding to our order to show cause. We therefore conclude that Herrera's notice of appeal does not qualify for the prison mailbox rule, and that we therefore lack jurisdiction over his appeal.    [1]

---

[1]Because we lack subject matter jurisdiction over this appeal, we need not address the merits of Herrera's appeal. We note that this court has recently held that Booker does not provide a ground for reducing a sentence pursuant to § 3582(c)(2). See United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006).

**CONCLUSION**

For the foregoing reasons, this appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge