**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

RAFAEL ANTONIO HERRERA,

　　　Defendant-Appellant.

No. 06-6208

(D.C. No. CR-92-209-T)
(W. D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Rafael Antonio Herrera (Herrera), a federal prisoner appearing pro se,
challenges the district court's order denying his motions for a writ of audita
querela under the All Writs Act. We vacate the order, construe Herrera's notice
of appeal, motion to proceed in forma pauperis, and appellate brief as an implied
application for authorization to file another § 2255 motion, and deny
authorization.

Herrera pled guilty to conspiracy to possess with intent to distribute, and

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribution of, cocaine powder and cocaine base (commonly known as "crack") and was sentenced to life in prison. The district court denied Herrera's motion to withdraw the guilty plea and, on direct appeal, we affirmed. See United States v. Herrera, 16 F.3d 418 (10th Cir. Feb. 8, 1994) (unpublished), cert. denied, 511 U.S. 1148 (1994). Herrera then filed his first § 2255 motion claiming ineffective assistance of counsel and denial of due process as to his guilty plea, which the district court denied. On appeal, we denied Herrera a certificate of appealability and dismissed. See United States v. Herrera, 149 F.3d 1192 (10th Cir. June. 5, 1998) (unpublished), cert. denied, 526 U.S. 1139 (1999).

Herrera then filed a motion pursuant to 18 U.S.C. § 3582 to modify an illegal sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005). The district court denied this motion and, on appeal, we concluded that we lacked jurisdiction over the matter, finding the notice of appeal untimely. See United States v. Herrera, 178 Fed. Appx. 830 (10th Cir. May 4, 2006) (unpublished). Herrera has also filed three motions for authorization to file successive § 2255 petitions, all of which we have denied. Last, Herrera filed a motion for a writ of audita querela under the All Writs Act arguing that his life sentence is unconstitutional, citing to Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). The district court concluded that Herrera's exclusive remedy was a § 2255 motion and denied the motion for

-2-

lack of jurisdiction. The district court concluded further that even if it had jurisdiction, it would deny Herrera's motion because Booker, Blakely, and Apprendi do not apply retroactively.

Herrera now challenges the district court's denial of his motions for a writ of audita querela. A post-judgment motion must be treated as a second or successive petition and certified by an appellate panel if it asserts or reasserts a substantive claim to set aside the movant's conviction. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (deciding the extent to which a Fed.R.Civ.P. 60(b) motion filed in a 28 U.S.C. § 2254 proceeding should be considered a second or successive habeas petition); United States v. Nelson, 465 F.3d 1145, 1147-48 (10th Cir. 2006) (holding that if the post-conviction motion only attacks a defect in the integrity of the federal postconviction proceedings, and not the substance of the federal court's resolution of a claim on the merits, it is not advancing a new claim and should not be treated as a successive motion to vacate).

Herrera's motion for a writ of audita querela does not attack the integrity of any § 2255 proceedings, but rather asserts substantive claims to set aside his conviction. Thus, the motion was, in essence, a successive § 2255 petition under the Antiterrorism and Effective Death Penalty Act (AEDPA). See United States v. Torres, 282 F.3d 1241, 1245-46 (10th Cir. 2004) (concluding that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255" and that a petitioner cannot

-3-

avoid the bar against successive § 2255 petitions "by simply styling a petition under a different name") (internal quotations omitted); see also Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) ("[T]he mere fact [a petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."). As Herrera's motion is in effect a successive § 2255 petition, the district court should have transferred the matter to this court. See Coleman v. United States, 106 F.3d 339, 341 (10th Cir.1997) (holding that district court lacks jurisdiction over successive § 2255 motion filed in district court without appellate court authorization and should transfer the matter to the court of appeals).

We construe Herrera's filings as an implied application for authorization to file another § 2255 petition. We have thoroughly reviewed the matter and conclude that Herrera has failed to make the prima facie showing required by § 2255 as amended by the AEDPA. His contentions are not based on newly discovered evidence that, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found [him] guilty of the offense" or on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. The caselaw cited by Herrera – Booker, Blakely, and Apprendi – does not apply retroactively to final criminal judgments such as his. See United States v.

-4-

Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that Booker is not to be applied retroactively); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely is not retroactive); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (holding that Apprendi is not retroactive).

Accordingly, Herrera's motion for extension of time to file reply brief is DENIED, the motion to proceed in forma pauperis is GRANTED, the district court order is VACATED, and the implied application for authorization to file a successive § 2255 motion is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-