FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAFAEL ANTONIO HERRERA,

    Defendant-Appellant.

No. 08-6046
(D.Ct. No. 5:92-CR-00209-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, **ANDERSON,** and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Rafael Antonio Herrera, a *pro se* litigant and federal inmate,

appeals the district court's *sua sponte* denial of his motion brought pursuant to 18

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 3582 to modify his sentence of life imprisonment based on Amendment 706 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.  Procedural Background

In 1992, Mr. Herrera pled guilty to a one-count indictment charging him with conspiracy to possess with intent to distribute and to distribute cocaine (powder) and/or cocaine base (crack), both Schedule II controlled substances, in violation of 21 U.S.C. § 841(a)(1).  After Mr. Herrera pled guilty, a federal probation officer prepared a presentence report in conjunction with the 1992 Guidelines to determine his sentence.  Based on Mr. Herrera's participation in a conspiracy to distribute 13.5 kilograms of crack cocaine, .25 kilograms of cocaine powder, and one pound of marijuana, his base offense level was assessed at 40. The probation officer then enhanced his base offense level two levels for his possession of a firearm during the offense, four levels for his role in the offense, and two levels for obstruction of justice, for a total offense level of 48.  Mr. Herrera's total offense level of 48, combined with his criminal history category of II, resulted in a Guidelines sentencing range of life imprisonment.  *See* U.S.S.G. § 2D1.1(c)(1) (1992).

Evidence was submitted at a sentencing hearing held on February 22 and

23, 1993, and March 9, 1993, after which the district court found Mr. Herrera responsible for a drug quantity consisting of 13.5 kilograms of crack cocaine, .25 kilograms of cocaine powder, and one pound of marijuana and sentenced Mr. Herrera to life imprisonment. *See United States v. Herrera*, 16 F.3d 418, 1994 WL 36766, at *1 (10th Cir. Feb. 8, 1994) (unpublished op.). We affirmed Mr. Herrera's conviction and sentence on direct appeal, *id.* at *2, and the Supreme Court denied Mr. Herrera's writ of certiorari. *See Herrera v. United States*, 511 U.S. 1148 (1994).

Thereafter, Mr. Herrera filed a motion under 28 U.S.C. § 2255, which the district court denied on grounds he failed to make a substantial showing of his denial of a constitutional right. This court dismissed his appeal on the same grounds, *see United States v. Herrera*, 149 F.3d 1192, 1998 WL 321217, at *2 (10th Cir. June 5, 1998) (unpublished op.), and also denied Mr. Herrera's petition for rehearing. The Supreme Court subsequently denied Mr. Herrera's writ of certiorari. *See Herrera v. United States*, 526 U.S. 1139 (1999).

Thereafter, Mr. Herrera filed three petitions for leave to file a second or successive § 2255 motion, which this court denied.[1] Undeterred, in June 2005,

---

[1] *See* 10th Cir. Docket No. 00-6322, 9/26/00 and 7/10/01 entries; 10th Cir. Docket No. 03-6117, 4/22/03 and 6/20/03 entries; 10th Cir. Docket No. 05-6092,
(continued...)

Mr. Herrera filed a motion under § 3582, raising argument relating to *Apprendi, Blakely, and Booker*, which the district court denied.  This court dismissed Mr. Herrera's appeal as untimely.  *See United States v. Herrera*, 178 F.App'x 830 (10th Cir. May 4, 2006) (unpublished op.).

In 2006, Mr. Herrera filed a "Writ of Audita Querela" under the All Writs Act, again arguing his life sentence was unconstitutional under *Apprendi*, *Blakely*, and *Booker.*  After the district court denied Mr. Herrera's writ on the basis that it lacked jurisdiction, this court construed his pleadings as an implied application for authorization to file another § 2255 motion, and denied the motion, holding "*Booker*, *Blakely* and *Apprendi*" did "not apply retroactively to final criminal judgments such as his."  *Herrera*, 216 F.App'x at 811.

On January 25, 2008, Mr. Herrera filed the instant motion to modify his life term of imprisonment under 18 U.S.C. § 3582(c) based on Amendment 706 to U.S.S.G. § 2D1.1(c), which modified the Drug Quantity Table contained therein downward two levels for crack cocaine and became effective on November 1, 2007.  *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend.

---

[1](...continued)
3/21/05 and 4/29/05 entries; Ape. Br. at 5-6.  *See also United States v. Herrera*, 216 F.App'x 809, 810 (10th Cir. Feb. 15, 2007) (unpublished op.) (noting three § 2255 motions had previously been filed by Mr. Herrera and denied by this court).

706.  On February 12, 2008, the district court *sua sponte* denied Mr. Herrera's motion, finding the issue concerning Amendment 706 was premature because he filed for relief before the prescribed effective date of its retroactivity which was to occur on March 3, 2008.  Alternatively, the district court determined Mr. Herrera did not qualify for a reduction in his sentence because the drug quantity of 13.5 kilograms of crack cocaine attributable to him still exceeded the revised quantity amount of 4.5 kilograms for crack cocaine, so that an offense level reduction of two levels would still not change his Guidelines range.  *See* U.S.S.G. § 2D1.1(c)(1) (Drug Quantity Table) (Nov. 1, 2007).

## II.  Discussion

Mr. Herrera now appeals the district court's denial of his motion to modify his life term of imprisonment under 18 U.S.C. § 3582(c), claiming the district court erred in finding his motion premature and by failing to apply Amendment 706 retroactively to his sentence.  Mr. Herrera also argues he should be resentenced under *Booker* for the purpose of applying the Guidelines to his sentence in an advisory manner and redetermining the drug quantity used to assess his base offense level, which he claims the district court improperly found by applying a preponderance of the evidence standard.

As background, Amendment 706 modified "the drug quantity thresholds" in

U.S.S.G. § 2D1.1(c) and the Drug Quantity Table, "so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties." U.S.S.G. Supp. to App'x C, Amend. 706 (Reason for Amend.). As a result, "[c]rack cocaine offenses for quantities above and below the mandatory minimum threshold quantities ... [were] adjusted downward by two levels." *Id.* Consequently, the current highest offense level of 38 would require a quantity of 4.5 kilograms or more of cocaine, rather than the 1.5 kilograms or more previously required for offense level 38. *See id.* However, we note that the 1992 Guidelines and Drug Quantity Table under which Mr. Herrera was sentenced provided an even higher offense level of 40 for 5 kilograms to 15 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c)(2) (Drug Quantity Table) (1992).

While the drug quantities changed as a result of Amendment 706, it was not explicitly listed as an amendment which had retroactive application to prior sentences. *See* U.S.S.G. § 1B1.10(a) and (c) (Nov. 1, 2007). However, on December 11, 2007, the United States Sentencing Commission voted to make Amendment 706 retroactive, which it did through promulgation of Amendments 712 and 713. *See* U.S.S.G. § 1B1.10(a) and (c), Amends. 712 and 713 (March 3, 2008 Supp.). Specifically, Amendment 713 changed U.S.S.G. § 1B1.10 – the policy statement for amended Guidelines ranges, by explicitly listing Amendment

706 as one of the amendments deemed retroactive. *See* U.S.S.G. § 1B1.10(c), Amend. 713 (March 3, 2008 Supp.). With regard to Amendment 712, it included, in part, certain exclusions to the reduction of sentences by amendment, by providing, in part: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B), Amend. 712 (March 3, 2008 Supp.). As the district court pointed out, March 3, 2008, was the effective date of Amendments 712 and 713 for the purpose of retroactive application of Amendment 706 and the revised Drug Quantity Table under U.S.S.G. § 2D1.1(c)(1). *See* U.S.S.G. § 1B1.10(a)(2)(B) and (c), Amends. 712 and 713 (March 3, 2008 Supp.).

With this in mind, "[w]e review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Smartt*, 129 F.3d at 540 (quotation marks,

citation, and alteration omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances, including: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission. *Id.* at 540-41. Mr. Herrera's motion is premised on the last circumstance – a reduction of the sentencing range applicable to him.

We begin with the issue of whether Mr. Herrera's motion was filed prematurely. Clearly, Mr. Herrera filed his § 3582 motion five weeks prior to when retroactive application of the revised Drug Quantity Table became effective. Thus, as the district court indicated when it issued its February 2008 order addressing Mr. Herrera's motion, the March 3, 2008 effective date of retroactive application of the revised Drug Quantity Table had not yet occurred. However, at this juncture, the revised Drug Quantity Table has effectively become retroactive with respect to drug quantity-based sentences, like Mr. Herrera's, which were imposed prior to its promulgation. For the purpose of judicial economy and because the parties and district court addressed the merits of Mr. Herrera's motion, we will address Mr. Herrera's appeal on the merits, thereby dispensing with the necessity of Mr. Herrera filing a § 3582 motion on the same grounds, the government having to file a duplicate response, and the district court having to

-8-

issue another decision on the merits of his Amendment 706 argument.

Proceeding to the merits of Mr. Herrera's appeal, it is clear the retroactive application of a two-level reduction to his base offense level, as prescribed by Amendment 706, would result in a total offense level of 46, which, together with his criminal history category of II, would still result in a life sentence.[2] *See* U.S.S.G. § 2D1.1(c)(1) and Ch. 5, Pt. A (Sentencing Table) (Nov. 1, 2007). As a result, "a reduction" in Mr. Herrera's term of imprisonment "is not consistent with" the policy statement in § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" because a two-level reduction in the offense level under Amendment 706, as listed in § 1B1.10(c), "does not have the effect of lowering [his] applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B), Amend. 712 (March 3, 2008 Supp.).

We also reject Mr. Herrera's claim he is entitled to resentencing under *Booker* for the purpose of applying the Guidelines in an advisory manner or

---

[2] Specifically, if we lower Mr. Herrera's base offense level by two levels to 38 and then add the eight levels of enhancements for his (1) possession of a firearm during the offense, (2) role in the offense, and (3) obstruction of justice, the total offense level is 46, which, together with his criminal history category of II, results in a Guidelines range of life imprisonment under the 1992, 2007, or 2008 versions of the Guidelines. *Compare* U.S.S.G. § 2D1.1(c)(2) (Drug Quantity Table) and Ch. 5, Pt. A (Sentencing Table) (1992) *with* U.S.S.G. § 2D1.1(c)(1) (Drug Quantity Table) and Ch. 5, Pt. A (Sentencing Table) (Nov. 1, 2007) *and* U.S.S.G. § 2D1.1(c)(1) (Drug Quantity Table) (May 1, 2008 Supp.).

redetermining his base drug offense level. This court has held § 3582(c)(2) motions may not be employed to present *Booker* claims, as "§ 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the [sentencing] range." *United States v. Price*, 438 F.3d 1005, 1007 & n.2 (10th Cir. 2006). Furthermore, with respect to his base drug offense level, the policy statement in U.S.S.G. § 1B1.10 provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court ... shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*.

U.S.S.G. § 1B1.10(b) (Nov. 1, 2007). Thus, under § 3582, we may consider only whether Mr. Herrera is entitled to a two-level offense reduction under Amendment 706, and not whether any other reduction of his sentence is warranted under the Guidelines.

Moreover, Mr. Herrera's request for us to redetermine his base offense level and the drug quantity attributable to him is a collateral attack on the substance of, or proceedings that determined, his original sentence. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). Section 3582 only gives district courts the authority "to modify a sentence based on events occurring *after* the original sentence was imposed." *Id.* (emphasis added).

-10-

For the reasons provided, Mr. Herrera's arguments are meritless, and the district court did not abuse its discretion in denying his § 3582 motion. Furthermore, it is evident Mr. Herrera has filed numerous other actions and appeals in reliance on *Apprendi, Blakely*, and *Booker* which have been repeatedly adjudicated and deemed meritless. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (per curiam) (quotation marks, citation, and alteration omitted). We therefore caution Mr. Herrera further filings in reliance on these cases or on matters we deem meritless may result in summary disposition of his future appeals.[3]

---

[3] In addition to the issues presented and addressed, Mr. Herrera makes additional arguments in support of his appeal which are cursory and incoherent. While we construe his *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we have held perfunctory or cursory references to issues, which are unaccompanied by some effort at developed argument, are inadequate to warrant consideration. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002). Under the circumstances presented, Mr. Herrera's arguments are frivolous and we will not expend further judicial resources considering them.

## III. Conclusion

For these reasons, we **AFFIRM** the district court's order denying Mr. Herrera's motion filed pursuant to 18 U.S.C. § 3582(c)(2).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge