**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL ANTONIO HERRERA,

Defendant - Appellant.

No. 15-6160
(D.C. No. 5:92-CR-00209-D-1)
(W.D. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.[**]

---

Rafael A. Herrera appeals the district court's denial of his motion for a

sentence reduction under 18 U.S.C. § 3582(c)(2). Section § 3582(c)(2) allows a

court to modify a term of imprisonment where the sentencing range has been

lowered. Herrera acknowledges that his guidelines range has not been lowered,

but instead claims that his sentence violates the Eighth Amendment. We have no

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

authority to grant relief on Herrera's constitutional claim. As we explained in *United States v. Gay*, 771 F.3d 681 (10th Cir. 2014), district courts have limited jurisdiction under § 3582(c)(2) to reduce sentences. That jurisdiction does not reach collateral attacks on a defendant's sentence, whether on constitutional grounds or otherwise.

In 1992, Herrera pleaded guilty to conspiring (1) to possess with intent to distribute and (2) to distribute cocaine base, in violation of 21 U.S.C. § 846. The statutory imprisonment range was ten years to life. 21 U.S.C. § 841(b)(1)(A).

The second revised presentence investigation report (PSR) recommended a base offense level of 40, considering 13.5 kilograms of cocaine base, 0.25 kilograms of cocaine powder, and one pound of marijuana (270,050.45 kilograms of marijuana equivalent in total). The PSR recommended a two-level enhancement for possessing a firearm, a four-level enhancement for a leadership role, and a two-level enhancement for obstruction of justice, for a total offense level of 48. The PSR calculated three criminal history points, placing Hererra in a criminal history category of II. Based on a total offense level of 48 and a criminal history of II, the guidelines range was life imprisonment. Herrera raised multiple objections to the PSR, including that the statutory and guidelines provisions for punishment were excessive and therefore unconstitutional.

The district court sentenced Herrera to life imprisonment. Herrera has since become a frequent filer to the federal judiciary. He first directly appealed

the sentence, arguing among other things that the guidelines range violated the Fifth and Eighth Amendments. *United States v. Herrera*, 16 F.3d 418 (10th Cir. 1994) (unpublished table opinion). In 1997, 2000, and 2003, Herrera filed motions pursuant to 28 U.S.C. § 2255, in the latter two motions raising arguments related to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied these motions.

Then in 2005, Herrera filed a motion pursuant to 18 U.S.C. § 3582(b)(2)(B) to modify his sentence based on *Apprendi* and *United States v. Booker*, 543 U.S. 220 (2005). The district court denied his motion, and this court dismissed the appeal as untimely. *United States v. Herrera*, 178 F. App'x 830 (10th Cir. 2006). Herrera then filed a motion for a writ of audita querela under the All Writs Act in 2006 arguing that his life sentence is unconstitutional, citing *Apprendi* and *Booker*. The district court concluded it lacked jurisdiction, because § 2255 was the exclusive remedy, but even if it had jurisdiction, it would deny Herrera's motion because *Apprendi* and *Booker* do not apply retroactively. *See United States v. Herrera*, 216 F. App'x 809 (10th Cir. 2007). We construed his filing as a motion under § 2255 and denied authorization to file a successive § 2255 motion.

In 2008, Herrera filed a motion pursuant to 18 U.S.C. § 3582(c)(2) seeking a sentence reduction based on Amendment 706, which modified the Drug Quantity Table downward two levels for cocaine base. The district court denied

the motion and we affirmed, as even a two-level decrease in his offense level, combined with a criminal history category of II, would still result in a life sentence. *United States v. Herrera*, 291 F. App'x 886 (10th Cir. 2008).

At issue here is Herrera's latest motion for a sentence reduction pursuant to § 3582(c)(2) based on Amendment 782. That Amendment "reduces by two levels the [base] offense levels assigned" to certain drug offenses, including distribution and possession charges. U.S. Sentencing Guidelines Manual app. C., amend. 782 (Supp. 2014).

Herrera argues that the development of federal sentencing law since 1993 makes his sentence grossly disproportionate and therefore unconstitutional. Herrera, however, acknowledges that we have no authority to hear constitutional challenges in § 3582(c)(2) proceedings. *Gay*, 771 F.3d at 683. Such a challenge is a collateral attack that must be raised in a § 2255 proceeding (which he has already done three times). *See United States v. Price*, 438 F.3d 1005, 1006–07 (10th Cir. 2006); *United States v. Smartt*, 129 F.3d 539, 542–43 (10th Cir. 1997).

"A judge's resentencing authority is a creation of statute . . . ." *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008). The district court may only modify a defendant's sentence "where Congress has expressly granted the court jurisdiction to do so." *Price*, 438 F.3d at 1007. Under § 3582(c), a court may only grant a sentence reduction for a defendant whose sentencing range "has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C.

§ 3582(c)(2).  As Herrera concedes, applying Amendment 782 would not change his applicable guidelines range.  We do not have jurisdiction under § 3582(c) to look outside this narrow issue, which ends the matter.

The district court did not err in finding that Herrera was ineligible for a sentence modification under § 3582(c)(2).  We affirm the district court's order denying relief.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge