**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ERIC RASHAD DIGGS,

      Defendant - Appellant.

No. 09-8081
(D.C. No. 2:06-CR-00289-WFD-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Defendant-Appellant Eric Rashad Diggs, a federal inmate proceeding pro

se, appeals from the district court's denial of his motion to reduce his sentence

under 18 U.S.C. § 3582(c). The district court found that Mr. Diggs was not

eligible for relief under § 3582(c) because, among other reasons, the U.S.

Sentencing Commission has not decreased the relevant sentencing range. We

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

In January 2007, Mr. Diggs pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). 2 R. 3-15. On April 6, 2007, he received a sentence of 65 months in prison, followed by three years of supervised release. 1 R. 45, 47. Mr. Diggs's sentence fell within the applicable guidelines range of 57 to 71 months. 2 R. 61. The district court arrived at this range based on a criminal history category of IV and a total offense level of 21. The total offense level was the product of a 24-point offense level, based on a finding that Mr. Diggs had two prior convictions for crimes of violence under U.S.S.G. § 2K2.1, and a three-point downward adjustment for acceptance of responsibility. 2 R. 49, 61.

In his § 3582(c) motion, Mr. Diggs argued that he was entitled to a reduced sentence because of a development in the "crime of violence" case law. 2 R. 23-24. Mr. Diggs pointed to Chambers v. United States, in which the Supreme Court held that an Illinois conviction for failure to report did not qualify as a violent felony for purposes of the Armed Career Criminal Act. 129 S. Ct. 687, 693 (2009). The district court denied Mr. Diggs's motion on three grounds: (1) Chambers does not offer relief under the "categorical approach"; (2) Chambers does not apply retroactively; and (3) § 3582(c) does not give the court authority to reduce the sentence. 2 R. 39.

We address only the court's authority to grant relief under § 3582(c),

because "[u]nless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c)(2) allows the defendant to move for a reduced sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Mr. Diggs has not offered any relevant reduction of his sentencing range by the Sentencing Commission. Section 3582(c)(2) "only *expressly* allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006). Because no basis existed for resentencing under § 3582(c)(2), the district court lacked jurisdiction to consider Mr. Diggs's motion. We therefore grant the government's motion to dismiss the appeal, and deny all other pending motions.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge