**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDWARD ROBERT SALDANA, II,

    Defendant - Appellant.

No. 19-7057
(D.C. No. 6:16-CR-0012-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Edward Robert Saldana, II, proceeding pro se,[1] appeals the district court's

denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), as

amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Saldana is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). He is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307-08 (10th Cir. 2018).

Exercising jurisdiction under 28 U.S.C. § 1291, we agree with the district court that he was not entitled to relief, but vacate the order denying the motion and remand for dismissal for lack of jurisdiction.

## I. **BACKGROUND**

A federal grand jury in the Eastern District of Oklahoma indicted Mr. Saldana for five counts relating to firearm and drug possession. Under a written plea agreement, he pled guilty to Counts One, Three, and Four: (1) possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (3) possessing methamphetamine and oxycodone with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and (4) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).[2] The Government dismissed Counts Two and Five.

Mr. Saldana's Presentence Report ("PSR") determined his prior Oklahoma state law conviction for assault and battery of a police officer in violation of 21 Okla. Stat. Ann. § 649(B) was a crime of violence under United States Sentencing Guideline § 2K2.1(a)(4)(A). This determination produced a Guidelines range of 46

---

[2] Under the plea agreement, Mr. Saldana waived his rights to directly appeal and collaterally attack his conviction and sentence, including his "right to have [his] sentence modified pursuant to 18 U.S.C. § 3582(c)." ROA, Vol. I at 23; *see United States v. Goudeau*, 390 F. App'x 814, 817-18 (10th Cir. 2010) (unpublished) (enforcing defendant's waiver of his right to seek a sentence modification under § 3582(c)(2)). The Government does not seek to enforce Mr. Saldana's waiver here.

to 57 months for Counts One and Three.[3]  For Count Four, the PSR recommended the 60-month statutory mandatory minimum.  *See* U.S.S.G. § 2K2.4(b) (stating the Guideline sentence for a § 924(c) conviction "is the minimum term of imprisonment required by statute"); 18 U.S.C. § 924(c)(1)(A)(i) (imposing a 60-month statutory mandatory minimum).

The district court sentenced Mr. Saldana to concurrent 46-month prison terms for Counts One and Three and a consecutive 60-month term for Count Four.  It also ordered three years of supervised release.  Mr. Saldana did not appeal.

Nearly one year later, Mr. Saldana moved pro se to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  The First Step Act, effective December 21, 2018, and discussed further below, amended § 3582(c)(1)(A) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i); *see* Pub. L. No. 115-391 § 603(b), 132 Stat. at 5239.  Previously, only the Director of the Bureau of Prisons ("BOP") could bring such a motion.

In his motion, Mr. Saldana contended his prior Oklahoma state law conviction no longer qualified as a crime of violence under § 2K2.1(a)(4)(A), entitling him to a lower Guidelines range.  He also asserted his post-conviction behavior and participation in rehabilitative programs supported a sentence reduction.

---

[3] The PSR grouped Counts One and Three when calculating the Guidelines range because "one of the counts embodie[d] conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to [the other] count[]."  U.S.S.G. § 3D1.2(c).

The district court denied the motion, concluding Mr. Saldana had "not established the existence of . . . extraordinary and compelling reasons warranting a reduction in sentence" under § 3582(c)(1)(A). ROA, Vol. I at 202. Mr. Saldana timely appealed, arguing the district court abused its discretion in denying a sentence reduction under § 3582(c)(1)(A).[4]

## II. DISCUSSION

### A. *Legal Background*

Congress enacted the First Step Act to reform sentencing law and to reduce recidivism. The Act is probably best known for permitting a sentencing court to reduce a sentence for specific crack cocaine offenses not at issue here. *See* Pub. L. No. 115-391 § 404, 132 Stat. at 5222. It also authorizes a defendant to ask the sentencing court for a sentence reduction under § 3582(c)(1)(A). *See* § 603(b), 132 Stat. at 5239.[5]

Under § 3582(c)(1)(A)(i), a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that

---

[4] We review de novo whether a district court "possesse[s] jurisdiction to modify [a] [d]efendant's sentence" under § 3582(c)(1)(A). *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotations omitted); *see United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) ("The scope of a district court's authority in a sentencing modification proceeding under § 3582(c)(2) is a question of law that we review de novo." (brackets and quotations omitted)). We review for abuse of discretion the district court's decision to deny an authorized sentence reduction. *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (quotations omitted).

[5] The district court determined, and the Government does not dispute, that Mr. Saldana properly exhausted his administrative remedies to bring his motion.

4

"extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Congress has directed the Sentencing Commission to promulgate policy statements defining "what should be considered extraordinary and compelling reasons for [a] sentence reduction, including the criteria to be applied." 28 U.S.C. § 994(t). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission has listed four categories of extraordinary and compelling reasons: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons." U.S.S.G. § 1B1.13, cmt. n.1. Mr. Saldana does not assert his medical condition, age, or family circumstances justify relief. He instead relies on "(D) Other Reasons." Commentary to § 1B1.13 defines "Other Reasons" to include "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id*., cmt. n.1(D).

BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether "other" extraordinary and compelling reasons exist: the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and "[w]hether release would minimize

the severity of the offense." BOP Program Statement 5050.50 at 12 (2019);[6] *see Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to "some deference" when they reflect a "permissible construction of the statute" (quotations omitted)).

Ultimately, "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quotations omitted). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted).

## B. *Analysis*

The district court considered the § 1B1.13 commentary, BOP Program Statement 5050.50, and the § 3553(a) sentencing factors. It determined Mr. Saldana had not established extraordinary and compelling reasons justifying a sentence reduction under § 3582(c)(1)(A)(i). Mr. Saldana argues the court failed to adequately consider (1) his post-conviction rehabilitation efforts, and (2) post-sentencing Tenth Circuit case law that suggests his Oklahoma state law conviction for assault and

---

[6] BOP Program Statement 5050.50 is accessible at https://perma.cc/98YN-KRQX.

battery on a police officer is not a crime of violence under the Sentencing Guidelines.[7] Neither argument warrants reversal.

First, the district court considered Mr. Saldana's post-conviction rehabilitation efforts. *See* ROA, Vol. I at 201 (noting his "efforts to better himself [while incarcerated] are commendable"). But it determined other relevant factors, including the severity of his offenses, criminal history, and time served, weighed against granting relief. *See id.* (noting Mr. Saldana "possessed a firearm while trafficking methamphetamine and oxycodone," had a "history . . . [of] two DUI convictions and an Oklahoma conviction for assault and battery on a police officer," and had served only "one-half of the total sentence imposed"). The court did not err in finding, consistent with 28 U.S.C. § 994(t), that Mr. Saldana's "[r]ehabilitation . . . alone" was not "an extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A)(i). *See* U.S.S.G. § 1B1.13, cmt. n.3.

Second, neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an "extraordinary and compelling reason" warranting a sentence reduction. Moreover, Mr. Saldana does not explain how his request overcomes our cases stating that § 3582(c), a jurisdictional statute, does not authorize a sentence reduction based on new case law, *see United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006), including

---

[7] Although Mr. Saldana fails to cite it, in *United States v. Johnson*, 911 F.3d 1062, 1070-73 (10th Cir. 2018), we held his Oklahoma statute of prior conviction is not a "violent felony" under the Armed Career Criminal Act.

developments in "crime of violence" case law, *see United States v. Diggs*, 365 F.

App'x 961, 962 (10th Cir. 2010) (unpublished).[8] We thus find no error in the district

court's decision not to consider § 3582(c)(1)(A)(i) relief on that basis.

Because Mr. Saldana is unable to show that he satisfies "one of the specific

categories authorized by section 3582(c), the district court lacked jurisdiction to

consider [his] request." *Brown*, 556 F.3d at 1113 (quotations omitted).[9]

## III.  **CONCLUSION**

The district court should have dismissed Mr. Saldana's motion because our

cases require the movant to show that § 3582(c) authorizes relief for the court to have

jurisdiction. *See White*, 765 F.3d at 1250; *United States v. C.D.*, 848 F.3d 1286, 1291

---

[8] *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

[9] Section 3582(c)(2) authorizes a court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  But "the Sentencing Commission, not the Supreme Court, [must have] lowered the [Guidelines] range." *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006); *see United States v. Diggs*, 365 F. App'x 961, 962 (10th Cir. 2010) (unpublished) (rejecting defendant's argument that "development in the 'crime of violence' case law" warranted a § 3582(c) reduction when defendant failed to "offer[] any relevant reduction of his sentencing range by the Sentencing Commission").

Further, § 3582(c)(1)(B) authorizes the district court to modify a sentence "to the extent . . . expressly permitted by statute."  But Mr. Saldana has not offered a statutory basis for a reduction.  Although § 404 of the First Step Act allows a court to retroactively reduce a sentence for offenses whose statutory penalties were "modified by section 2 or 3 of the Fair Sentencing Act of 2010," Pub. L. No. 115-391 § 404(a), 132 Stat. at 5222, the Fair Sentencing Act did not modify the statutory penalties for Mr. Saldana's offenses, *see* Pub. L. No. 111-220, 124 Stat. 2372.

(10th Cir. 2017). We thus vacate the order denying his motion and remand with instructions to dismiss the motion for lack of jurisdiction.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge